Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3874 | **DATE** | 1/7/2011 |
| **CASE TITLE** | Carl D. Hicks, Sr. (#2009-1028271) vs. Linda Young, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for appointment of counsel [29] is denied. However, Plaintiff's motion for an extension of time [30] is granted. The deadline for responding to Defendants' motions to dismiss [document nos.18 and 19] is extended to 2/7/11. Replies are due by 2/22/11. The Court certifies that this case is pending, and that Plaintiff has a court deadline to meet; the Court therefore requests that Cook County Jail officials grant Plaintiff reasonable access to the jail's law library. The Clerk is directed to: (1) mail Plaintiff another copy of the Court's filing instructions; and (2) send a copy of this order to the executive director of the Cook County Correctional Center.

■ **[For further details see text below.]**      **Docketing to mail notices.**

## STATEMENT

    Plaintiff, a detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers at the jail, violated Plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement and by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that he developed scabies on account of his unsanitary environment, and that the medical staff failed to properly treat his condition. This matter is before the Court for ruling on pending motions.

    Plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. In any event, although the complaint sets forth cognizable claims, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, an experienced federal litigator whose submissions to date have been coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

However, Plaintiff's motion for an extension of time is granted. The deadline for responding to Defendants' motions to dismiss is extended to February 7, 2011. Replies are due by February 22, 2011. The Court certifies that the above-captioned case is pending in federal court. The Court accordingly requests that jail officials grant Plaintiff reasonable access to the law library, in a manner to be determined by jail administrators.

As a final concern, Plaintiff is reminded of basic filing requirements: (1) Letters to the judge are not permitted. Any requests for Court action must be made by motion and filed with the Clerk of Court in favor of the Prisoner Correspondent. (2) Plaintiff must provide the Court with the original plus a judge's copy of every document filed. (3) Every document filed must include a certificate of service showing that a copy was mailed to opposing counsel. The Clerk will provide Plaintiff with another copy of the Court's filing instructions. In the future, the Court may strike without considering any document filed that fails to comport with these basic filing rules.