# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3874 | **DATE** | 8/29/2011 |
| **CASE TITLE** | Carl D. Hicks, Sr. (#2009-1028271) vs. Linda Young, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to: (1) terminate all Defendants except Hammond, Williams, and McCann pursuant to the second amended complaint and Fed. R. Civ. P. 15(a)(2); and (2) issue summons for service on Defendant Hammond by the U.S. Marshal. Defendant Ghosh's motion to dismiss [61] is denied as moot. **The Marshal is directed to follow the special service instructions set forth in this order.**

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers at the Stateville Correctional Center, violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that Defendants failed to treat his scabies when he was temporarily housed at Stateville.

By Minute Order of August 25, 2011, the Court granted Plaintiff leave to proceed on his second amended complaint. Because the second amended complaint names only Dr. Hammond, Latanya Williams, and Terry McCann as Defendants, the Clerk shall dismiss all other Defendants pursuant to the second amended complaint and Fed. R. Civ. P. 15(a)(2).

Defendants McCann and Williams have responded to the second amended complaint by way of a motion to dismiss; the Court has already entered a briefing schedule in connection with those motions.

Defendant Hammonds has not yet been served or entered an appearance. The Clerk is directed to issue alias summons for service on Defendant Hammonds. The United States Marshals Service is appointed to serve Hammonds. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. As Defendant Hammonds apparently no longer works at Stateville, the Marshal **(CONTINUED)**

mjm

| **STATEMENT (continued)** |
|---|

should contact Richard A. Tjepkema (Charysh & Schroeder, Ltd.), (312) 372-8338 to make service arrangements for Hammonds.  The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.