UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Carl D. Hicks, Sr. (#2009-1028271),   )
                                      )
            Plaintiff,                )
                                      )   No. 10 C 3874
                                      )
                                      )
Linda Young, et al.,                  )
                                      )
            Defendants.               )

## MEMORANDUM OPINION AND ORDER

AMY J. ST EVE, District Court Judge:

Plaintiff, currently a detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, the warden and two health care providers at the Stateville Correctional Center, violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that he did not receive proper care and treatment after he developed scabies. This matter is before the Court for a ruling on Defendants' motions to dismiss the second amended complaint for failure to state a claim. For the reasons stated in this order, the motions are granted.

## LEGAL STANDARD

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to Plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). Furthermore, a plaintiff can plead himself or herself out of

court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of Court.").

## FACTS

Plaintiff alleges the following facts, accepted as true for purposes of the motions to dismiss:

Plaintiff, currently a detainee in the custody of the Cook County Department of Corrections, was an Illinois state prisoner at the time of the events giving rise to this lawsuit. Although Plaintiff was confined at the Stateville Correctional Center, a state prison, at all times relevant to this action, Plaintiff maintains that he was a pretrial detainee when the events occurred. Defendant Terry McCann was Stateville's warden during the relevant time period. Defendant Latonya Williams is employed by the facility as a physician's assistant.[1]

On or about July 14, 2008, Plaintiff developed symptoms of "nonstop" itching while housed in Stateville's Northern Reception Center for two weeks. Plaintiff immediately sought medical care, but two unnamed medical technicians refused him access to the prison's health care unit. Plaintiff wrote letters to the health care unit demanding medical attention, but received no response.

After suffering for six days, Plaintiff filed an emergency grievance with Warden McCann. Although Plaintiff made McCann aware of his suffering, the warden refused to process the grievance as an emergency matter, directing Plaintiff instead to follow normal

---

[1] To date, the third named Defendant, Dr. Hammond, has not entered an appearance, filed a motion to dismiss, or otherwise responded to the second amended complaint. *See* discussion, *infra*, regarding service on Hammond.

grievance procedures. The delay in receiving medical care prolonged Plaintiff's discomfort and allowed his symptoms to exacerbate.

On July 24, 2008, Plaintiff told a correctional sergeant about his problems obtaining medical treatment. The sergeant escorted Plaintiff to the health care unit and ordered a certified medical technician [hereinafter, "CMT"] to examine him. Although the CMT did not have the expertise to render a diagnosis as to why Plaintiff's skin was inflamed, he did provide him with three kinds of salves: A&D ointment, hydrocortisone cream, and Tolnaftate fungal cream. The ointments, however, were ineffective.

Plaintiff continued his "campaign" of writing letters to the health care unit seeking medical treatment.

On August 14, 2008, Plaintiff was finally seen by Defendant Hammond after he filed a non-emergency grievance with his counselor. During the consultation, Plaintiff described how his skin condition would erupt in one part of his body, only to abate and then reappear in a different area of his body, causing itchy bumps to appear wherever the rash would occur.

Hammond directed Plaintiff to show him where he was currently experiencing a flare-up. When Plaintiff advised Hammond that the affected area was near his groin, Hammond became hostile and insulting, allegedly telling Plaintiff that he "must be gay, because only a gay man would ask another man to look at his privates, and only gays look at another man's privates." (Second Amended Complaint, ¶ 18.)

Hammond provided Plaintiff with five packets of A&D ointment, apparently without bothering to look at the skin condition. Plaintiff told Hammond that he had already been given A&D ointment and that the cream did not alleviate his symptoms. Hammond ignored Plaintiff's objections and insisted that he use the A&D ointment.

4

Plaintiff's symptoms and suffering persisted to the point of "delirium," as he continued to scratch his skin "raw." By August 21, 2008, Plaintiff's distress was so intolerable that he staged a suicide attempt.

A psychiatrist arranged for Plaintiff to see Defendant Hammond again. Hammond refused either to examine Plaintiff in order to diagnose his condition, or to provide treatment. Over the next month, Plaintiff continued to complain to unnamed individuals and to ask for medical treatment; however, his requests went unheeded.

On September 18, 2008, Plaintiff was transferred from the reception unit to Stateville's maximum security unit. In connection with the move, Plaintiff underwent a second medical screening as part of the intake process. Plaintiff made the CMT who conducted the preliminaries aware of his medical condition. The CMT relayed Plaintiff's concerns to Defendant Williams, the physician's assistant who was in charge of Plaintiff's medical examination.

Williams detected tiny bumps on Plaintiff's body and confirmed that he had an infection of some kind, but she was unable to determine what, precisely, the affliction was.[2] Rather than referring Plaintiff to a general internist or dermatologist, Williams treated Plaintiff herself. Williams' nixed Plaintiff's suggestion that he see a dermatologist on the ground that

---

[2] In his second amended complaint, Plaintiff made the conclusory assertion that Williams "experimented" on him, without providing any facts whatsoever detailing her treatment. In her motion to dismiss, Williams has relied on the superseded first amended complaint to supply those background facts regarding the treatment she rendered. Although Plaintiff is not necessarily bound by allegations in prior pleadings, *see EEOC v. Concentra Health Serv.*, 496 F.3d 773, 777-78 (7th Cir. 2007), he neither retracts the allegations made in his first amended complaint nor otherwise challenges Williams' reliance on those facts in his response to her motion to dismiss. Accordingly, the Court will consider those facts even though the second amended complaint is the operative pleading. *See, generally, 188 LLC v. Trinity Industries*, 300 F.3d 730, 736 (7th Cir. 2002).

the health care administrator would not approve a furlough for an infection that did not appear to her to be serious.

Williams ordered Plaintiff Nystatin Triamcinolone, an antifungal medication, even though she did not know the exact nature of Plaintiff's condition. Williams had to follow up with the pharmacy several times over the next few weeks before Plaintiff finally received the cream, in part because Plaintiff was moved to a different cellhouse.

The Nystatin was ineffective; therefore, Williams prescribed a different topical solution, Fluocinonide. The Fluocinonide likewise failed to help Plaintiff's symptoms. Williams, still ignorant as to the underlying cause of Plaintiff's skin inflammation, urged him to be patient because it sometimes takes time for medications to work. Plaintiff characterizes Williams' approach as amounting to having engaged in "experimental practices" rather than following standard protocol for a patient with Plaintiff's symptoms. On account of Williams' purportedly unconventional course of treatment, Plaintiff continued to suffer, without relief, for four more months.

Plaintiff finally received what he deemed to be proper medical treatment on February 4, 2009, almost seven months after the problem first arose. A Dr. Zhang (not a Defendant) diagnosed Plaintiff as suffering from scabies. According to *Dorland's Illustrated Medical Dictionary*, www.dorlands.com, scabies is a contagious dermatitis, or skin condition, caused by a mite. The egg-laying female mite burrows into the upper layer of the epidermis, which then causes an eruption of the skin, often accompanied by intense itching. *Id.* The ensuing scratching can then, in turn, cause eczema and secondary bacterial infection. *Id.*

## DISCUSSION

Even accepting Plaintiff's allegations as true, the Court concludes that his second amended complaint fails to state a cognizable claim of deliberate indifference with respect to

either Warden McCann or physician's assistant Williams. Neither Defendant's actions can were so grievous as to implicate the Eighth Amendment.

Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the Defendant must be subjectively aware of, and consciously disregard, the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *See Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007); *Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Defendants do not contest whether Plaintiff's scabies constituted a serious medical need. *See Ciccone v. Sapp*, 228 Fed. Appx. 487, 490 (11th Cir. 2007) ("scabies could be deemed objectively serious"); *Dusenbery v. United States*, 208 Fed. Appx. 180, 182-83 (3rd Cir. 2006) (defendant health care provider could held liable for a violation of inmate's constitutional rights if he believed that the inmate had scabies and deliberately did not treat the disorder). Plaintiff's condition therefore meets the objective standard.

To satisfy the subjective component, a prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer*, 511

7

U.S. at 837; *Estelle*, 429 U.S. at 103-04; *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The fact that a prisoner has received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, No. 11 C 3834, 2011 WL 2463544, *1 (N.D. Ill. Jun. 17, 2011) (Kocoras, J.). The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), or erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards. *Roe*, 631 F.3d at 857; *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). In this case, Plaintiff cannot satisfy the subjective standard.

**I.     Plaintiff's Claim Against Warden McCann**

The second amended complaint does not articulate a tenable Eighth Amendment claim against Warden McCann. The second amended complaint fails to state facts showing that McCann was personally and directly involved in the alleged denial of medical care; his handling of Plaintiff's grievances is insufficient to reflect deliberate indifference to his serious medical needs. In fact, Plaintiff does not appear to contest McCann's motion to dismiss; although granted the opportunity to do so, Plaintiff has not filed an opposing brief.

The warden's decision to treat Plaintiff's grievance concerning what initially appeared to be, essentially, a rash as a non-emergency matter did not amount to deliberate indifference to an objectively serious medical need. Illinois' statutory grievance procedures do not create a protected interest. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Any right to a

grievance is a procedural one, not substantive. *Id.* Defendant McCann's unsatisfactory handling of Plaintiff's prison grievances is therefore not actionable under Section 1983.

The Court recognizes that a supervisory official may learn of a constitutional violation by way of a grievance, and may become personally involved by ignoring such grievances. *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010); *see also Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). "[N]onmedical officials can 'be chargeable with . . . deliberate indifference' where they have 'a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.' " *Arnett v. Webster*, ___F.3d ___, 2011 WL 4014343, *10 (7th Cir. Sep. 12, 2011), quoting *Hayes v. Snyder*, 546 F.3d 516, 525 (7th Cir. 2008). "Non-medical Defendants cannot simply ignore an inmate's plight." *Arnett*, 2011 WL 4014343, at *10. While the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983, *see, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008), supervisors may not "turn a blind eye" to constitutional violations. *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

But in the case at bar, a layperson would not have known based on Plaintiff's grievance that he had a "serious" medical condition. Not even Hammond nor Williams, trained medical professionals, realized that Plaintiff had scabies. An itchy rash or skin irritation, while understandably exasperating to live with, was not so objectively serious that Warden McCann can be faulted for requiring Plaintiff to follow proper channels. McCann cannot be held liable under 42 U.S.C. § 1983 for refusing to consider Plaintiff's grievance as an "emergency."[3]

---

[3] In prior incarnations of the complaint, Plaintiff asserted that McCann had violated his constitutional rights by subjecting him to inhumane conditions of confinement, contending that he developed scabies on account of his unsanitary environment. However, Plaintiff dropped that claim from his second amended complaint.

Defendant McCann's uncontested motion to dismiss is accordingly granted. McCann is dismissed as a Defendant.

**II.     Plaintiff's Claims Against Physician's Assistant Williams**

The second amended complaint likewise fails to state an actionable federal claim against Defendant Williams. Although her efforts were unsuccessful, Williams made a good faith attempt to remedy Plaintiff's skin condition.

Plaintiff cannot satisfy the subjective component required for liability under the Eighth Amendment. Here, Williams attempted multiple medications to combat Plaintiff's persistent skin condition; she also contacted the pharmacy on Plaintiff's behalf each time he reported that his prescribed medication was not being dispensed to him.

Although Plaintiff parrots case law in asserting that Williams' treatment amounted to a substantial departure from accepted medical judgment, practice, or standards, *see Roe*, 631 F.3d at 857; *Vance,* 97 F.3d at 992, the Court disagrees with his subjective assessment. It seems only logical that a health care provider would treat a rash or skin eruption with topical ointments. With 20/20 hindsight, Plaintiff can fault health care providers for failing to realize that he was afflicted with scabies. But the variety of ointments Plaintiff received for what was originally perceived to be a rash or reaction of unknown origin was not so far off the mark as to amount to a denial of needed care.

Moreover, Williams' failure either to recognize scabies or to refer Plaintiff to a skin specialist did not rise to the level of a constitutional violation. As Plaintiff himself has conceded, in Williams' opinion, Plaintiff's skin condition was not "that serious." (First Amended Complaint, ¶ 58.) Medical deliberate indifference claims "operate[] on a sliding scale, balancing the seriousness of the medical need with the . . . scope of the requested treatment." *Ortiz v. City of Chicago*, 656 F.3d 523, 531 (7th Cir. 2011) (evaluating whether

police response to arrestee's medical needs was reasonable), quoting *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007) (police denial of medical attention to arrestee who suffered asthma attack while being booked).

Even if Williams should have been concerned that the skin condition was something more serious than a rash, the Court reiterates that medical malpractice is not actionable under 42 U.S.C. § 1983. Questions of whether certain diagnostic techniques or forms of treatment are warranted are a "classic example of a matter for medical judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996), quoting *Estelle v. Gamble*, 429 U.S. at 97. A prisoner is not constitutionally entitled to the medication or treatment of his choice. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A prisoner is constitutionally entitled only to "adequate medical care," not "unqualified access to health care." *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Moreover, an inability to effect a final cure does not necessarily support a finding of deliberate indifference. *Lieberman v. Budz*, No. 00 C 5662, 2010 WL 3522998, *1 (N.D. Ill. Sep. 2, 2010) (Coar, J.), citing *Snipes v. DeTella*, 95 F.3d 586 (7th Cir. 1996). Williams' course of treatment was not so deficient as to implicate the Eighth Amendment.

Alternatively, ignoring the concessions Plaintiff made in his first amended complaint and focusing only on the second amended complaint, he has provided no facts whatsoever to substantiate his accusation that Williams "experimented" on him. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) ("A claim has facial plausibility when Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged") (quoting *Iqbal*, 129 S.Ct. at 1949)). As noted *supra*, the Court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic*, 550 U.S. at 555. The Court may disregard allegations "so sketchy or implausible that

11

they fail to provide sufficient notice to Defendants of Plaintiff's claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). Plaintiff's conclusory assertions that Williams experimented on him or deviated from accepted standards of care are not enough, alone, to survive a motion to dismiss.

In short, Williams provided constitutionally adequate care for what she believed to be a relatively minor skin irritation. Williams' creditable efforts to find a cure belie any inference of deliberate indifference. Accordingly, Plaintiff's federal deliberate indifference claim against Williams is dismissed pursuant to 42 U.S.C. § 1983. In light of the dismissal of Plaintiff's federal claim, the Court declines to exercise supplemental pendent jurisdiction over Plaintiff's state law claims of medical malpractice and violations of the Physician's Assistant Practice Act. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Pugel v. Bd. of Trustees of University of Illinois*, 378 F.3d 659, 669 (7th Cir. 2004); 28 U.S.C. § 1367(c)(3). Plaintiff's motion for the appointment of an expert so that he can obtain the required affidavit for bringing a malpractice action is consequently denied as moot.

### III. Service on Defendant Hammond

The only Defendant against whom Plaintiff has articulated an arguably viable claim, Defendant Hammond, has not been served to date. The Court ordered the issuance of alias summons for Hammond on August 29, 2011. No return of service has been filed; the U.S. Marshal's Service reports that, despite notices from the U.S. Postal Service, Hammond has never retrieved the waiver sent to him by certified mail.

The Clerk is directed to issue alias summons once again for service on Defendant Hammond. As Hammond has failed to waive service–and counsel for Wexford Health Sources, Inc., refuses to accept service on behalf of retired Wexford employees–the Marshal

must attempt to effect personal service on Hammond in Detroit, Michigan.  Hammond is personally responsible for service fees in light of his failure to waive service.  *See* Fed. R. Civ. P. 4(d)(2)(A).  The Marshal's Service charges $55.00 an hour for personal service, with a two-hour minimum, plus reimbursement for mileage.  The Court requests that defense counsel communicate this fact to Hammond if counsel is in contact with him.

## CONCLUSION

For the foregoing reasons, the two served Defendants' motions to dismiss the second amended complaint for failure to state a claim are granted.  Plaintiff's motion "to show cause" [#70] is granted.  The order to show cause is discharged.  However, Defendant McCann's uncontested motion to dismiss [#58], as well as Defendant Williams' motion to dismiss [#62], are granted.  McCann and Williams are dismissed as Defendants pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff's motion for appointment of an expert [#71] is denied as moot.  The Clerk is directed to issue alias summons for personal service on Defendant Hammond.  Dr. Hammond will be assessed the costs of personal service.

**Date:** November 9, 2011

          **ENTERED**

          _____
          **AMY J. ST. EVE**
          **United States District Court Judge**