IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL D. HICKS, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case no.: 10 CV 03874 |
| v. | ) | Judge St. Eve |
| | ) | |
| DR. ARTEE FLEMING HAMMOND, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR SUBSTITUTION OF PARTY**

Plaintiff, Carl D. Hicks, Sr. ("Plaintiff"), by and through his attorneys, EGR LAW GROUP, LTD., moves this Honorable Court for the entry of an order substituting nonparties, Mary Jackson-Hammond and Tarana Hammond, for Defendant Artee Fleming Hammond pursuant to Rule 25 of the Federal Rules of Civil Procedure. In support of its Motion, Plaintiff states as follows:

**BACKGROUND**

Plaintiff, an Illinois state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 claiming that several defendants, among them a prison warden and two health care providers, acted with deliberate indifference to his serious medical needs. This Honorable Court discharged all defendants from this case with the exception of Dr. Artee Flemming Hammond, Jr., a physician at the Stateville Correctional Center, who passed away on August 21, 2010.[1] Plaintiff did not effectuate service upon Defendant Hammond prior to his death. Upon being

---

[1] This Honorable Court previously determined that Plaintiff "has articulated an arguably viable claim" against Defendant Hammond. Amy J. St Eve Memorandum Opinion and Order dated November 9, 2011, p. 12.

advised of Defendant Hammond's death, this Honorable Court appointed Edgar G. Rapoport to investigate whether Dr. Hammond's estate may be served and sued pursuant to Federal Rule of Civil Procedure 25 ("Rule 25"). [2] In connection with this investigation, Plaintiff, through his counsel, issued a third party subpoena ("Subpoena" attached hereto as Exhibit A) for the production of documents to Mary Jackson-Hammond, the decedent's widow. The Subpoena commanded Mary Jackson-Hammond ("MJH") to respond by March 14, 2012. To date, MJH has failed to respond to the Subpoena. Plaintiff has filed a Motion to Compel MJH to produce responsive documents contemporaneously with this Motion.

Under Federal Rule of Civil Procedure 25(a), substitution of a decedent's "successor or representative" is permitted if a claim is not extinguished so long as the motion for substitution is served within 90 days of a statement noting death. Admittedly, as of the filing of this Motion, Plaintiff does not possess the requisite information to determine who, if anyone, may qualify as a "successor" or "representative" pursuant to Rule 25. Nevertheless, Plaintiff files this motion to substitute MJH, the decedent's former spouse, and Tarana Hammond, the decedent's daughter, because naturally they are the most likely candidates for substitution. Moreover, Plaintiff seeks to comply with the 90 day deadline mandated by Rule 25(a)(1), which arguably expires on March 29, 2012.[3]

As further set forth below, this Honorable Court should enter an order for the substitution of Mary Jackson-Hammond and Tarana Hammond, or alternatively, enter and continue this Motion pending resolution of Plaintiff's Motion to Compel.

---

[2] Parties notified of Defendant Artee Hammond's death through U.S. Marshall return of service filed December 30, 2011.

[3] Although it is not definitive whether the U.S. Marshall return of service qualifies as a "statement noting death" under Rule 25, Plaintiff operates under that assumption for the purposes of this Motion.

## LEGAL STANDARD

The analysis of whether a third party is eligible for substitution in instances of a defendant's death is governed by Federal Rule of Civil Procedure 25. To qualify for substitution, a nonparty must be deemed a decedent's "successor or representative." *In re: Baycoll Products Litigation; Torres v. Bayer Corp.*, 616 F. 3d 778, 783 (8th Cir., 2010) citing *Sinito v. U.S. Dept. of Justice*, 176 F.3d 512,516 (D.C. Cir. 1999). This applies "when either of the parties, whether plaintiff or petitioner or defendant…dies before final judgment." *Id.* at 782 quoting 28 U.S.C. § 778. Unquestionably, a court appointed legal representative may be substituted for a decedent in a cause of action. *Id.* at 784. However, the definition of "successor" is more expansive.

The court in *Rende v. Kay* established a framework that has been adopted, and expanded upon, in later cases. 415 F.2d 983, 984 (D.C. Cir. 1969). In *Rende*, the court held that the word "successor" included "the distributee of an estate that had been distributed." *Id.* at 988. See also *In re: Baycol Products Litigation* at 784 citing *McSurely v. McClella*, 753 F.2d 88,98-99 (3rd Cir. 1976) (court permitted the substitution of third parties named as executors in a will, "despite the absence of a formal appointment or probate of the decedent's estates"); *In re: Baycol Products Litigation* citing *Hardy v. Kaszycki & Sons Contractors, Inc.* 842 F. Supp. 713, 716 (S.N.D.Y 1993) (nonparty widow properly substituted where decedent had no probatable assets but she was named a beneficiary in decedent's life insurance policy).

## ARGUMENT

On reasonable suspicion and belief, Mary Jackson-Hammond and Tarana Hammond are proper third parties (collectively, "Relatives") to substitute for the decedent pursuant to Federal Rule of Civil Procedure 25. The Relatives may either qualify as the decedent's "representative"

pursuant to Rule 25, or as provided *In re: Baycoll Products Litigation*, there are also several circumstances under which the Relatives may be deemed a "successor." The only method for Plaintiff to determine whether either scenario applies is to conduct a fact-based inquiry through the means of the Subpoena. Nevertheless, in filing this Motion, Plaintiff has satisfied the timing requirement of Rule 25, and notified the Relatives of their potential substitution.

## CONCLUSION

Plaintiff seeks an order for the substitution of Mary Jackson-Hammond and Tarana Hammond, decedent's wife and daughter respectively, as they are the most likely candidates to qualify as "successors" or "representatives" pursuant to Rule 25. In the alternative, this Motion should be entered and continued pending resolution of Plaintiff's Motion to Compel.

WHEREFORE, Plaintiff, Carl D. Hicks Sr., respectfully requests that this Honorable Court enter an order for substitution and grant Plaintiff any other relief that it deems just and equitable.

                                                Respectfully submitted,

                                                CARL D. HICKS, SR.

                                                By: /s/ Edgar G. Rapoport_____

Edgar G. Rapoport
**EGR LAW GROUP, LTD.**
130 South Canal Street suite 313
Chicago, Illinois 60606
(312) 554-5043

4