# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3874 | **DATE** | 5/15/2012 |
| **CASE TITLE** | Hicks vs. Young et al | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Plaintiff's motion to substitute party [86]. The Court denies Plaintiff's motion to compel [84] as moot. The Clerk's Office is directed to substitute defendant Mary Jackson-Hammond as representative of the Estate of Dr. Artee Hammond, deceased. Plaintiff's counsel, Edgar Rapoport, having only been appointed for the limited purpose of assisting plaintiff in identifying whether defendant Hammond's estate may be sued, Mr. Rapoport's appointment is hereby terminated. The Clerk's Office is directed to place the address of plaintiff, who is a pro se plaintiff, on the docket so he can receive notice. Defendant's counsel is directed to make arrangements for plaintiff Carl D. Hicks, Sr. available to appear via telephone for the 5/30/12 status hearing and should contact the courtroom deputy with the contact information by 5/29/12.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se Plaintiff Carl D. Hicks, an inmate at Western Illinois Correctional Center, filed the present lawsuit on June 21, 2010, alleging that while he was incarcerated at Stateville Correctional Center ("Stateville") certain Stateville employees were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1331. Plaintiff also alleges common law tort claims against the Stateville employees pursuant to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). The only remaining Defendant to this lawsuit is Dr. Artee Hammond, who passed away on August 21, 2010. Plaintiff did not effectuate service on Dr. Hammond prior to his death. Upon being advised of Dr. Hammond's death, the Court appointed counsel on behalf of Plaintiff to investigate whether Dr. Hammond's estate may be served and sued. Before the Court is Plaintiff's motion to substitute Dr. Hammond's widow, Mary Jackson-Hammond, and daughter, Tarana Hammond, as Defendants to this lawsuit pursuant to Federal Rule of Civil Procedure 25(a).[1] For the following reasons, the Court grants in part and denies in part Plaintiff's motion and substitutes as Defendant Mary Jackson-Hammond as "representative of the Estate of Dr. Artee Hammond, deceased." The Court denies Plaintiff's motion to compel as moot.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

---

[1] Because it is unclear whether Dr. Hammond's daughter is a minor, the Court will not substitute Tarana Hammond as a Defendant because a minor child does not have the legal capacity to maintain litigation. *See City of Danville v. Clark*, 63 Ill.2d 408, 411, 348 N.E.2d 844, 845 (Ill. 1976).

## LEGAL STANDARD

Federal Rule of Civil Procedure 25(a)(1) governs the substitution of a party who has died. *See Russell v. City of Milwaukee,* 338 F.3d 662, 663 (7th Cir. 2003). In particular, Rule 25(a) "provides that if the claim on which the suit is based survives the death (some claims, such as claims of defamation, die with the claimant), the court may order the substitution of the proper party, ordinarily the personal representative of the party who has died." *Atkins v. City of Chicago,* 547 F.3d 869, 870-71 (7th Cir. 2008). "[T]he proper party for substitution is the person who has the legal right and authority to defend against the claims brought against the deceased party" and "Rule 25(a) recognizes that the proper party usually will be the representative of the decedent's estate who has been appointed under state law." *Bertam Music Co. v. P & C Enter., Inc.,* No. 09-CV-2253, 2011 WL 2633666, at *6 (C.D. Ill. July 5, 2011) (citations omitted). Rule 25(a)(1) "also uses the word 'successor,' which indicates that a person may be substituted as a party even though the person has not been formally appointed as a representative or administrator." *Id.* (citing 6 James Moore, *et al.*, Moore's Federal Practice § 25.12[3]).

## ANALYSIS

The parties do not sufficiently address the issue of whether Dr. Hammond's estate may be sued. Thus, the Court must first determine whether Plaintiff's deliberate indifference claim and state law tort claims survive Dr. Hammond's death. *See Atkins,* 547 F.3d at 870; 735 ILCS 5/2-1008(b)(2). Federal courts look to state law in determining whether Section 1983 claims, such as Plaintiff's deliberate indifference claim, survive the death of a defendant, provided that the state law is not inconsistent with federal law. *See Robertson v. Wegmann,* 436 U.S. 584, 589, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978); *Malone v. Nielson,* 474 F.3d 934, 937 (7th Cir. 2007). Claims under Section 1983 are often characterized as constitutional tort claims, and thus federal courts sitting in Illinois look to Illinois tort law to determine if such claims survive the death of a party. *See Malone,* 474 F.3d at 937. Under Illinois law, "[p]ersonal injury actions survive the death of the party defendant." *Lindsey v. Special Adm'r of Estate of Phillips,* 219 Ill.App.3d 372, 375, 161 Ill.Dec. 897, 579 N.E.2d 445 (4th Dist. 1991); *see also* Prosser, *Handbook of the Law of Torts,* at 901 ("the modern trend is definitely toward the view that tort causes of action and liabilities are fairly a part of the estate of either plaintiff or defendant as contract debts"). Therefore, Plaintiff's deliberate indifference claim, as well as his state law tort claims, survive Dr. Hammond's death.

Finally, although it is unclear from the record whether the state has appointed Mary Jackson-Hammond as a representative of Dr. Artee Hammond's estate, Defendant agrees that Jackson-Hammond may be substituted as a "representative of the Estate of Dr. Artee Hammond, deceased." Indeed, Jackson-Hammond should not be substituted as a Defendant in her individual capacity because she had no involvement in the alleged constitutional deprivation. *See Minix v. Canarecci,* 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.") (citation, internal quotations omitted); *see e.g., Hairston v. Knapp,* No. 08-303-GPM, 2010 WL 1241535, at *3 (S.D. Ill. Mar. 23, 2010). Therefore, the Court substitutes Jackson-Hammond as "representative of the Estate of Dr. Artee Hammond, deceased," as the Defendant to this lawsuit.